NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0880n.06

Nos. 09-4041; 10-3315

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Aug 10, 2012*

LEONARD GREEN, Clerk

| | |
|---|---|
| AMER NUMAN ADI, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE BOARD OF |
| | ) IMMIGRATION APPEALS |
| ERIC H. HOLDER, Attorney General | ) |
| of the United States, | ) |
| | ) |
| Respondent. | ) |

Before: CLAY and GIBBONS, Circuit Judges, and KORMAN, District Judge.*

PER CURIAM.

Amer Numan Adi seeks review of two separate BIA decisions issued on July 31, 2009 and February 23, 2010. This appeal is inextricably intertwined with *Adi v. United States*, No. 11-3251, decided herewith, although the two appeals were not formally consolidated. Because the history and facts of this case are familiar to the parties, we recount them only to the extent necessary to explain our decision. In this appeal, Mr. Adi raises two procedural issues: (1) whether the BIA erred in affirming the Immigration Judge's decision to deny a continuance to allow him to pursue a third I-130 petition after his first wife recanted her allegations of a sham marriage, and (2) whether the

---

* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1

Immigration Judge erred in denying his motion to change venue. Had the Immigration Judge granted the change of venue motion, Mr. Adi would have had an *in personam* removal hearing rather than appearing via video transmission.

In its July 2009 decision, the BIA dismissed the appeal from the Immigration Judge's denial of a continuance because Mr. Adi had not submitted any evidence of filing an appeal from the Citizenship and Immigration Services's denial of his visa petition. While the BIA dismissed the appeal, it reached the merits of the Immigration Judge's denial of the motion to change venue, and properly concluded that the Immigration Judge did not abuse its discretion in denying a change of venue to permit Mr. Adi to testify in-person. Specifically, it observed that 8 U.S.C. § 1229a(b)(2) permits hearings to be conducted by video conference, and that the applicable regulations, 8 C.F.R. § 1003.25(c), permit an Immigration Judge to "conduct hearings through video conference to the same extent as he or she may conduct hearings in person."

In February 2010, the BIA denied Mr. Adi's motions to the BIA to reopen and reconsider its July 2009 decision, dismissing his appeal. The motions were denied on the sole ground that subsequent to the filing of those motions, the BIA had dismissed the appeal from the denial of the I-130 petition on behalf of Mr. Adi. Subsequently, Mr. Adi filed two separate notices of appeal. One from the BIA's July 2009 decision dismissing his appeal and another from its February 2010 decision denying his motions to reopen and reconsider. *Adi v. United States*, No. 11-3251, decided herewith, affirming the district judge's decision, renders the issues raised in this appeal moot. Consequently, we dismiss this appeal as moot.